## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

DANIEL BRONSON,                                     Case No. 1:22-CV-149
      Plaintiff,

                                 Black, J.
      vs.                                           Litkovitz, M.J.

OHIO DEPARTMENT
OF TRANSPORTATION,                                  **REPORT AND**
      Defendant.                                    **RECOMMENDATION**


Plaintiff, a resident of Cincinnati, Ohio, has filed a pro se civil complaint against the Ohio Department of Transportation.   (Doc. 1-1).   By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.   *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.    **Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).   A complaint may be dismissed as

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## B. Plaintiff's Complaint

Plaintiff alleges the following, verbatim:

> I was driving in the City of Cincinnati. I hit a pothole that should have been fixed. This problem has not been fixed at all. This is a direct violation of my 5th Amendment under the United State[s] Constitution. This incident happened 3-22-22 on the corner of Reading Road and Burton, Cincinnati, Ohio. The Ohio Department of Transportation is not making these roads safe.

(Doc. 1-1, PAGEID 6). As relief, plaintiff seeks $5,000.00, the full price of his car.

## C. Resolution

Plaintiff's complaint fails to state a claim for relief under § 1983 against the Ohio Department of Transportation and seeks relief from a defendant who is immune from monetary relief.

First, to the extent plaintiff alleges a federal claim for a denial of his property without due process of law, his complaint fails to state a claim for relief. Before plaintiff may challenge the alleged deprivation of his personal property in federal court, plaintiff must first "plead . . . that

3

state remedies for redressing the wrong are inadequate."  *Vicory v. Walton*, 721 F.2d 1062, 1066

(6th Cir. 1983).  *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451

U.S. 527, 543-44 (1981), *rev'd on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31

(1986).  "If satisfactory state procedures are provided in a procedural due process case, then no

constitutional deprivation has occurred despite the injury."  *Jefferson v. Jefferson Cty. Pub. Sch.

Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004).  A plaintiff "may not seek relief under [42 U.S.C.

§] 1983 without first pleading and proving the inadequacy of state or administrative processes

and remedies to redress [his] due process violations."  *Id.* at 588.  Plaintiff has failed to

sufficiently plead that the post-deprivation tort remedies available to him under Ohio law are

inadequate to adjudicate his property-loss claim.  *See Fox v. Van Oosterum*, 176 F.3d 342, 349

(6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36) ("State tort remedies generally satisfy the

postdeprivation process requirement of the Due Process Clauses.").[1]

Second, the Ohio Department of Transportation is immune from suit in federal court.

Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment.

*Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989).  The State of Ohio has neither

constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts.

*See Mixon v. State of Ohio,* 193 F.3d 389, 397 (6th Cir. 1999); *State of Ohio v. Madeline Marie

Nursing Homes,* 694 F.2d 449 (6th Cir. 1982).  As an arm of the State, the Ohio Department of

Transportation is likewise immune from a suit for damages under 42 U.S.C. § 1983.  *See

Ejikeme v. Violet*, 307 F. App'x 944, 951 (6th Cir. 2009).  Because the defendant in this case is

---

[1] For example, plaintiff has not alleged that he filed a damage claim with the Ohio Department of Transportation, (see https://www.transportation.ohio.gov/about-us/resources/damage-claims) or that the filing of a complaint in the Ohio Court of Claims is inadequate.  *See Haynes v. Marshall,* 887 F.2d 700, 704 (6th Cir. 1989).

4

immune from monetary damages, plaintiff's complaint should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: ___3/28/2022___

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DANIEL BRONSON,                                    Case No. 1:22-CV-149
        Plaintiff,

                                                   Black, J.
        vs.                                        Litkovitz, M.J.

OHIO DEPARTMENT
OF TRANSPORTATION,
        Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6